[No. 3,897.]

## In the Matter of the Estate of H. W. HALLECK, Deceased.

Claim Against an Estate.—The claim which the creditor of an estate may have against the executor, by reason of his acts or omissions as executor, is one which becomes fixed in the life-time of the executor, and is not contingent on the fact that the estate may prove insolvent on an account taken after the death of the executor, and, in the event of his death, such claim must be presented for allowance to the administrator of his estate within the time fixed in the notice to creditors.

Opposition to Distribution of an Estate.—One who files an opposition to the settlement of the final account of an executor, and to a decree of distribution, on the ground that he has a contingent claim against the es-

tate, must state in his opposition facts showing that such claim exists. It is not sufficient for him to aver that for certain reasons he has been unable to determine whether such claim exists, and that upon the happening of a certain event it may exist.

APPEAL from the Probate Court of the City and County of San Francisco.

Henry W. Halleck died at the city of Louisville, State of Kentucky, on the 9th day of January, 1872, leaving a will in which he nominated Elizabeth Halleck, his wife, the executrix of his estate. The will was probated, and, on the 23d of April, 1873, the executrix filed, in the Probate Court, her final account, and also a report in which she alleged that all the debts of the deceased, expenses, and charges of administration had been paid, and that the estate was in a condition to be closed, and praying that the final account might be allowed and settled. On the same day she filed a petition for a distribution of the estate. Thomas J. L. Smiley and G. W. Smiley filed an opposition, of which the following is a copy:

"Now come Thomas J. L. Smiley and G. W. Smiley, Trustees of the City Market Company, and, by leave of the Court first had and obtained, file this their amended opposition to the settlement and allowance of the final account of the executrix of the will of H. W. Halleck, deceased, and to the distribution of the estate of said deceased, according to the prayer of the petition of said executrix, filed in this Court on the 23d day of April, A. D., 1873, and say that the said account should not be settled or allowed as a final account of her administration of said estate, and that no such or any distribution whatever of said estate should be made at the present time, and for cause show as follows, to wit.:

"That on or about the — day of July, 1855, one Joseph L. Folsom died in the City and County of San Francisco, being at the time of his death a resident thereof, and leaving a last will and testament, in which said H. W. Halleck, A. C. Peachy and P. Warren Van Winkle were named as executors thereof.

"That afterwards, to wit, on the 6th day of August, A. D., 1855, and after due proceedings had in this Court, said will

was duly admitted to Probate, and said H. W. Halleck, A. C. Peachy and P. Warren Van Winkle duly qualified as such executors, received letters testamentary, and entered upon the administration of the estate of said Folsom, deceased, and continued to administer the same up to the 9th day of January, A. D., 1872, when the said H. W. Halleck died leaving him surviving the said Peachy and Van Winkle, who have ever since as surviving executors, administered the estate of said Folsom, deceased.

"That no account of said executors, or of any or either of them, has been filed or rendered in this Court in the estate of said Folsom, deceased, since the 26th day of April, A. D., 1869.

"That no final account of said executors, or of any or either of them, has ever been rendered or filed or settled or allowed in this Court, in the estate of the said Folsom, deceased, nor have said executors, or any or either of them been discharged, nor has the estate of said Folsom, deceased, been settled or closed or fully administered, but the same is yet in the course of administration.

"That said H. W. Halleck, up to the time of his death, was one of the executors of said will of said Folsom, deceased, and had not rendered any account of his or their administration of said estate of Folsom, deceased, since the said account filed on the 26th day of April, A. D., 1869, nor had his accounts of the administration of said estate of Folsom, deceased, been ever finally settled; nor had the said Halleck been discharged from the duties of his trust as such executor; nor has the estate of said Halleck, deceased, ever been discharged from any liabilities, if any, for his acts or omissions as such executor of said will of Folsom, deceased, or for moneys, if any, due from him at the time of his death, to the said estate of Folsom, deceased, or for any cause whatever, as such executor, whether individually, or jointly with his said co-executors, but said liabilities, if any, still remain undischarged, and a charge upon his estate, and are a lien thereon, and said moneys, if any, still remain due and unpaid by his estate.

"These opponents, therefore, allege that his estate is not

in such a condition that his executrix can file a final account of her administration thereof, and they deny the allegation in her said petition for distribution contained, that his estate is in a condition to be closed, and deny that all valid claims that may exist against his estate have been paid or ascertained.

"That these opponents are creditors of said estate of Folsom, deceased.

"That their claim against said Folsom estate was duly presented to and allowed and approved by said executors and the Probate Judge, and a great portion thereof still remains due and unpaid.

"That said Halleck, in his lifetime, and his said co-executors, claimed and pretended, and his said surviving co-executors, ever since his death, have claimed and pretended, and still claim and pretend that the said estate of Folsom, deceased, is insolvent and able to pay only a very small portion of its indebtedness.

"These opponents therefore claim and allege, that, as such creditors, they are interested in the estate of said Halleck, deceased, and that they have a claim against his estate which is contingent upon the estate of said Folsom, deceased, proving insolvent, and such insolvency being caused, either wholly or in part, by the acts or omissions of said Halleck, as such executor, either individually or jointly with his co-executors, and upon an order to be made by this Court for the payment of the creditors of said Folsom estate, when the account of said Halleck of his transactions as such executor up to the time of his death, shall have been filed and finally settled and allowed, and moneys shall have been ascertained to have been due to the said Folsom estate from him, as such executor, at the time of his death.

"That, by reason of such account not having been filed, these opponents have thus far been unable to determine whether or not said Halleck, as such executor, was at all indebted to said estate of Folsom, deceased, or if any indebted, the amount of such indebtedness, and by reason of the final accounts of said surviving executors not having been filed, settled and allowed, and said Folsom estate wholly admin-

istered, these opponents have been unable to ascertain whether or not said Folsom estate is solvent.

"These opponents, therefore, allege that they have a contingent claim against said estate of Halleck, deceased, and that said claim is contingent both as to its existence and to its amount, and that they have one month after the same shall have become absolute, and the amount thereof established, within which to present the same.

" Wherefore, these opponents pray that the allowance of said account of said executrix, as a final account, be denied, and that the said petition for distribution, on file herein, be dismissed."

The executrix demurred to the opposition because it was not sufficient in law to constitute a valid ground of opposition.   The Probate Court sustained the demurrer.   The Probate Court then examined the final account and settled the same, and refused to allow the opponents to prove the facts alleged in their opposition, and then entered a decree of distribution according to the will.   The opponents appealed from the several orders.

*R. W. Hunt*, for the Appellants.

*Bartlett & Pratt*, for Respondent, Elizabeth Halleck.

*Selden S. Wright*, for Respondent, Henry W. Halleck.

By the Court, McKINSTRY, J. :

It is alleged in the " opposition " that the opponents—as creditors of the estate of Folsom—have a *claim* against the estate of Halleck " which is contingent upon the estate of Folsom, deceased, proving insolvent, and such insolvency being caused, wholly or in part, by the acts or omissions of said Halleck as executor," etc.

The relation of Halleck, as executor, to the estate of Folsom, was fixed during the lifetime of the former.   If, by reason of his " acts or ommissions," the estate of Folsom became insolvent, the right of the creditors of Folsom (to be enforced by appropriate proceedings) was an existing

right prior to the death of Halleck. Whether the remedy of the creditors of Folsom's estate was by action in the District Court for the *devastavit*, or by obtaining an order for an account and for judgment against the executor in the Probate Court, their " claim " was absolute while Halleck lived, and did not depend on the contingency that the estate of Folsom might '' prove to be insolvent '' on an accounting to be taken after the death of the executor of that estate. All claims which constitute demands against the decedent in his lifetime must be presented to the executor or administrator. The '' opposition '' does not allege that the claim was ever presented to the executrix of Halleck's estate. ·

But if the facts that Folsom's estate was insolvent and that the insolvency was caused by the mal-conduct of Halleck would constitute a '' claim '' against the estate of the latter, the *opposition* does not allege the existence of such a claim. It is only averred in the opposition that by reason of an account not having been filed by Halleck, as executor of the Folsom estate, '' the opponents have been unable to determine whether or not the said Halleck was at all indebted to the estate of Folsom, and unable to ascertain whether or not said Folsom's estate is insolvent."

Orders affirmed.

Neither Mr. Justice CROCKETT nor Mr. Justice RHODES expressed an opinion.