PLANTERS' MUTUAL INSURANCE ASSOCIATION *v.* NELSON.

Opinion delivered July 23, 1906.

ADMINISTRATION—STATUTE OF NONCLAIM—FRAUD.—A claim in favor of an insurance company against a decedent's estate for recovery of the amount of a policy of fire insurance paid to decedent in his lifetime, based upon the alleged fraud of decedent in representing that he was owner of the insured property when the ownership was in his heirs, is barred by the statute of nonclaim, and is not enforceable against the heirs to whom decedent's property descended, although the company never discovered the fraud until the period of the statute had expired, if the ownership of the insured property was not concealed by such heirs, but was matter of record.

Appeal from Clay Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

G. B. *Oliver* and J. W. & M. *House,* for appellant.

1. When one pays money without knowledge of the facts, upon the fraudulent representation of another, he may recover the money so paid. 39 Mich. 33; 102 Mass. 221; 3 Hun, App. 595; 9 Hun, App. 400; 13 N. Y. Supp. 615; 131 Mass. 397; 18 Mo. 229; 68 N. W. 445. Having the right to recover money so paid, one may follow the assets and property of the deceased into the hands of the heirs and distributees, and, if they have disposed of the property, get a personal judgment against them. 32 Ark. 716; 40 Ark. 433; 48 Ark. 277; 31 Ark. 229; 94 U. S. 746.

2. The statute of nonclaim can have no application, because the fraud perpetrated by William Nelson was not discovered until after his death and more than two years had elapsed after the administration of his estate had commenced. 14 Ark. 254; 23 Ark. 171; 19 Ark. 257; 15 Ark. 412; 32 Ark. 716; 40 Ark. 170; Kirby's Digest, § 5088; Wood on Limitations of Actions, 115; *Ib.* 588-593. The duty to commence proceedings can only arise on discovery of the fraud. Pomeroy's Eq. Jur. § 917, and note. And fraud vitiates every transaction into which it enters. 46 Ark. 25; 61 Ark. 527; 24 Ark. 556; 47 Ark. 170; 63 Ark. 244.

3. When the grantor in a deed causes it to be recorded, it is a sufficient delivery. 25 Ark. 225. The presumption that a recorded deed has been delivered will not be rebutted by proof

merely that after its acknowledgment and before it was recorded it was in the possession of the grantor. 62 Ark. 7; Kirby's Digest, § 756. The fact that a deed was found in the possession of the grantor creates no presumption that it was not delivered. 7 Ark. 505; 22 Ark. 488; 48 Ark. 17.

4. The fact that the deed was placed on record was not of itself notice to the appellant. 36 S. W. 943; 34 S. W. 915; 57 N. W. 632; 39 N. E. 757. Nor does the statute make it so. There must be some relation, fact or circumstance of suspicion imposing on the company the duty of searching the records in the recorder's office. 59 Pa. 171.

*D. Hopson* and *Hawthorne & Hawthorne,* for appellees.

1. Where one makes a misrepresentation as to a given state of facts calculated to influence the conduct of another, upon which he acts to his injury, if the statement was honestly made, no recovery could be had. Intent to do wrong must exist before action will lie. 31 Ark. 270; 23 Ark. 289; 38 Ark. 334; 71 Ark. 305; 29 L. R. A. 360; 28 L. R. A. 753; 1 N E. 296.

2. The claim was barred by limitation. In case of fraud the statute runs only from discovery or from the time when, with reasonable diligence, there ought to have been discovery. 47 Atl. 985. Cases which hold that where fraud is concealed, or conceals itself, the statute runs only from discovery, practically repeals the statute. Fraud is always concealed. When it is accomplished and ended, the rights of parties are fixed. But, if the wrongdoer adds to his original fraud affirmative efforts to divert or mislead or prevent discovery, he gives to his original act a continuing character whereby he deprives it of the protection of the statute until discovery. 66 Ark. 452; 41 Ark. 301; 46 Ark. 25; 61 Ark. 527; 37 S. E. 426; 20 Johns. 33; 116 N. Y. 351; 101 U. S. 135; Wood on Limitation, 332; *Ib.* 390; 44 Ia. 349; 68 Ark. 455; 63 Ark. 244; 47 Ark. 170.

3. Plaintiff's failure to discover the conveyance could not prevent the statute from running, where it was generally known in the community, and to its local agent, and could have been ascertained upon investigation. The deed was on record in the proper county at the time the money was paid, and was construc-

tive notice to the company. Kirby's Digest, § 782. See, also, 30 N. W. 9; 42 N. W. 323; 15 S. W. 1119; 65 Fed. 826; 16 Ark. 546; 20 N. W. 111; 40 Ia. 601. The concealment by the father, if any, can not be charged to the children, and as to them the statute bar is complete.

4. The statute of nonclaim is a complete bar to this action. Kirby's Digest, § 210, subdiv. 5. This court has made no exceptions to claims against estates of deceased persons other than contingent, inchoate and breaches of dormant warranties occurring or arising after the close of administration. 14 Ark. 246; 17 Ark. 533; 15 Ark. 412; 33 Ark. 651; 37 Ark. 155; 38 Ark. 474; 73 Ark. 45; 18 Ark. 334.

HILL, C. J. This is a suit against the heirs at law of Wm. Nelson, and grows out of these facts:

The appellant insurance company issued a policy of fire insurance to Wm. Nelson on the 6th of March, 1896, covering a barn and certain personal property. The barn was destroyed by fire April 11, 1896. Nelson made proof of loss, and it was subsequently adjusted at $1,300, which sum the insurance company paid on April 28, 1896, being $1040 for the barn and $260 for the personal property.

In the application for the policy Nelson stated that he was the sole owner of the property to be insured, and that the title to the land on which the buildings stood was in his name; and he made these statements warranties. He made similar statements as to the ownership when the loss was adjusted.

Nelson had, prior to said time, conveyed the land to three of his minor children, and had the deed recorded. The answer alleges this was done in the nature of a distribution of his estate, but that he retained dominion and control of the property, and his minor children resided with him. It is also shown that the defeat of certain lawsuits for personal injuries, at one time pending against him, may have been the inducing cause for the transfer. Whatever may have been the reason, the title stood in the name of the children when the application was made, the policy issued, the fire occurred and the loss paid. Wm. Nelson died on the 7th of October, 1897. His will was probated, and letters testamentary granted to Peter Nelson on the 24th of October, 1897.

In December, 1899, the secretary of the insurance company, which is domiciled at Little Rock, received a letter from an attorney in Clay County, asking what representations Nelson had made in his application as to the ownership of the property insured. Litigation had broken out among Nelson's heirs, and this attorney was wanting evidence of Nelson's statements to use in that litigation.

This information led to the company discovering the fact that the statements in the application, and like statements in proof of loss, that the title stood in him were not true. The secretary submitted the matter to the company's attorney, and after investigating the facts further the attorney for the company presented on the 14th of July, 1900, the claim of the insurance company for the refunding of said $1,300 to the executor of Wm. Nelson's estate, who disallowed it. On the 29th of November, 1900, the insurance company instituted suit against Peter Nelson as executor, and on the 28th of May, 1902, complaint was amended so as to make Peter Nelson individually as an heir at law of Wm. Nelson and the other heirs at law of Wm. Nelson parties. That suit was dismissed, and within a year it was renewed—the present suit—alleging the closing of the administration and that the heirs at law, who were the parties defendant, had received from the estate of Wm. Nelson more than the sum sued for.

Many questions are presented and discussed in brief and at bar, but only one will be discussed here, for it is sufficient to be decisive of the case.

Whether Wm. Nelson was guilty of deceit entitling the insurance company to recover against him, or whether he was liable to it in an action for money had and received, need not be decided; for, if these points are decided in favor of the insurance company, it is barred by the statute of nonclaim. Kirby's Digest, § 110. Appellant, to defeat the operation of this statute, shows that the fraud of Nelson (treating the mistake as such, although that is a contested point) was not discovered until more than two years after the grant of letters testamentary on his estate, and that the statute could not run until the discovery of the fraud, and that started, not the statute of nonclaim which had run its course, but the general statute of limitation.

There are two lines of decisions on the starting point of the

statutes against frauds, one holding, where the fraud is con-summated, that it operates as a continuing cause of action until discovery, when the statute starts. Under this theory the fraud is presumed to conceal itself. The other theory is that where the fraud is consummated the statute starts unless there is conceal-ment or a continuation of the fraud preventing discovery. The authorities on these views may be found in briefs of counsel. But this conflict does not enter here. If the harshest rule be invoked against Wm. Nelson, his concealment of the fraud ter-minated at his death. Then other rights intervened; and to pro-tect those rights the statute of nonclaim came into play on the grant of letters, and it cleared the estate of unpresented demands except that class described in *Walker* v. *Byers,* 14 Ark. 246.

Inchoate and contingent claims or demands or dormant warranties accruing after two years from grant of letters may not be enforced against the administrator or executor, but may be enforced against the heir or distributee from the property re-ceived by him from the ancestor; but all claims or demands which the statute contemplates shall be exhibited to the executor or administrator within two years are claims capable of being as-serted in a court of law or equity existing at the death of the deceased, or coming into existence within two years, and they are barred, whether due or not, if running to certain maturity, unless presented within two years. *Walker* v. *Byers,* 14 Ark. 246. It has been fifty-three years this month since Mr. Justice Scott worked out the above construction of the statute of nonclaim, and it has been followed times innumerable since, never ques-tioned, never added to nor taken from.

Counsel for appellant seek to bring their case within the ex-ceptions, and argue that, until the fraud was discovered, it was like an unbroken covenant for title; and an action arose only after discovery, like it arose only on breach of the covenant. The argument is unsound for many reasons; one that the discovery of the fraud is only important on the question of limitation, and has nothing to do with the cause of action; it merely suspends, not creates, an action. If the argument was good as to Wm. Nelson, it would not be good as against his heirs. They have not concealed the fraud. This action is against them, to the extent of property fallen to them, and there is nothing to stop the

running of the statute, which should be worked against them. If the fraud was concealing itself, or was actively concealed, there. would be another question, if this suit was against Nelson; or, even in its present form, it would present a different aspect if there were elements of concealment in it. But such elements are conspicuous by their absence. Nelson recorded the deed to his children. One of his children contested his will, and the fact of the deed to these children being made was litigated in the courts, and talked on the countryside, during the whole period the statute of nonclaim was running.

Any view that may be taken of the case precludes the maintenance of the action after the statute of nonclaim ran.

The judgment is affirmed.