HAYDEN *v*. HAYDEN.

Opinion delivered October 14, 1912.

1. ADMINISTRATION — DEMANDS AGAINST ESTATES — VERIFICATION.—In suits against estates, either by ordinary action or before the probate court, it is necessary to produce at the trial an affidavit of the justice of the claim and of its nonpayment made before commencement of the action, in substantial compliance with Kirby's Digest, § 114, or the claimant will be nonsuited. (Page 97.)

2. SAME—WHAT ARE "DEMANDS."—The term "demand" in Kirby's Digest, § 114. is comprehensive, and includes all claims capable of assertion against the estates of deceased persons, whether arising out of contract or tort, and whether the suit to establish the same is begun by ordinary action or in the probate court. (Page 98.)

3. SAME—SUFFICIENCY OF VERIFICATION.—A verification of a complaint in the ordinary form, that the statements therein are true, is not a substantial compliance with Kirby's Digest, § 119, requiring an affidavit to claims against estates which shall allege "that nothing has been paid or delivered toward the satisfaction of the demand, except what is credited thereon, and that the sum demanded, naming it, is justly due." (Page 98.)

Appeal from Little River Court; *Jeptha H. Evans,* Judge, on exchange; reversed.

*James D. Head,* for appellant.

1. A claim against a deceased person must be verified by affidavit. Kirby's Dig., § 114. Such affidavit must be made prior to the commencement of suit, and where none is produced it is the duty of the court, on motion praying therefor, to enter judgment of nonsuit against the plaintiff. Kirby's Dig., § 119. The statute requiring verification is mandatory and must be fully complied with. 25 Ark. 318; 30 Ark. 756; 45 Ark. 299; 48 Ark. 304; 66 Ark. 327.

Motion for nonsuit may be taken advantage of at any time before final judgment. 2 Eng. 78; 14 Ark. 246; 21 Ark. 519.

*E. F. Friedell,* for appellee.

The affidavit to the complaint, made prior to the filing of the suit, was a substantial compliance with the statute, and was sufficient. 90 Ark. 340; 97 Ark. 296.

McCULLOCH, C. J. This is an action instituted by Mattie Hayden, in her own right as widow of Enoch Hayden, deceased, and as administratrix of said decedent, against the executor of the estate of D. R. Hayden, deceased, to recover the value of certain crops of cotton, corn, and alfalfa, the property of said Enoch Hayden, deceased, alleged to have been wrongfully converted by said D. R. Hayden to his own use. It is alleged in the complaint that Enoch Hayden died in April, 1905, in possession of a certain tract of land in Little River County, on which he had planted the crop aforesaid, and that thereafter said D. R. Hayden did enter upon said tract of land and convert the crop raised that year to his own use; the crop, when matured and gathered, alleged to be of the value of $561. The death of D. R. Hayden is alleged and the appointment of his executor, and judgment was prayed in the sum above mentioned, together with the costs of the action. The defendant moved the court for a nonsuit on account of failure on the part of the plaintiff to exhibit an affidavit as required by the statute concerning claims against estates of deceased persons. The court overruled the motion, and defendant filed an answer denying that D. R. Hayden wrongfully took possession of the aforesaid crop, but alleged that, on the contrary, he was

landlord of Enoch Hayden, and after the latter's death took possession of the lands for the purpose of cultivating and gathering the crop, which he did at his own expense, and that the value of the crop amounted to less than the indebtedness due him as landlord. It appears from the evidence adduced that Enoch Hayden occupied the land in question as tenant of D. R. Hayden; that he died in April, 1905, after having cultivated a portion of the land, and that thereafter D. R. Hayden took possession and completed the cultivation of the crop and gathered it and sold the same. The case was tried upon the theory, conceded to be correct, that D. R. Hayden was the landlord of Enoch Hayden, and that he took possession of the crop as such, and the point at issue was whether or not the plaintiff agreed with D. R. Hayden, after the death of her husband, for him to take possession of the land and crop, and as to the value of the crop gathered from the land, the expenses of cultivating and gathering the crop, and the amount due D. R. Hayden as landlord. The jury returned a verdict in favor of the plaintiff in the sum of $150, and defendant, after the overruling of his motion for new trial, appealed to this court.

The statutes of this State prescribe the mode by which demands against estates of deceased persons shall be exhibited and enforced, and, among other things, prescribe that "the claimant shall append to his demand an affidavit that nothing has been paid or delivered toward the satisfaction of the demand, except what is credited thereon, and that the sum demanded, naming it, is justly due." Kirby's Digest, § 114. The statute further provides that "if the affidavit required for authenticating claims against deceased persons be not produced in an action against an executor or administrator for a debt against the deceased, the court shall, on motion, enter a judgment of nonsuit against the plaintiff; and the affidavit must appear to have been made prior to the commencement of the action." Kirby's Digest, § 119.

It has been repeatedly held by this court that "in suits against estates, either by ordinary action or before the probate court, it is necessary to produce at the trial an affidavit of the justice of the claim and of its nonpayment made before commencement of the action, or the claimant will be nonsuited."

*Ryan* v. *Lemon*, 7 Ark. 78; *State Bank* v. *Walker*, 14 Ark. 234.

The term "demand" is comprehensive, and includes all claims capable of assertion against the estates of deceased persons, whether arising out of contract or tort, and whether the suit to establish the same is begun by ordinary action or in the probate court. *Green* v. *Brooks*, 25 Ark. 318; *McIlroy Banking Co.* v. *Dickson*, 66 Ark. 327; *Planters' Mutual Ins. Assn.* v. *Nelson*, 80 Ark. 103; *Estate of Halleck*, 49 Cal. 111; *Gay* v. *Louisville*, 93 Ky. 349; Schouler on Executors, § 429.

The statute (section 119, Kirby's Digest) requiring the production of the affidavit is mandatory, and, unless same is produced, on motion nonsuit must be ordered. *Ross* v. *Hine*, 48 Ark. 304. The affidavit need not follow the language of the statute literally, but must substantially comply therewith. *Eddy* v. *Loyd*, 90 Ark. 340; *Wilkerson* v. *Eads*, 97 Ark. 296. The verification of the claim in this case does not substantially comply with the statute, for it does not contain a statement, either directly or by inference, that "nothing has been paid or delivered toward the satisfaction of the demand except what is credited thereon, and that the sum demanded, naming it, is justly due." The only affidavit in the record is the one in the ordinary form of verification of the complaint, reciting that the statements made in the complaint are true. The complaint, in substance, merely alleges that D. R. Hayden wrongfully converted certain property, of the value named, to his own use, and judgment is prayed for in that amount. It does not state whether anything has been paid on the demand, nor that the sum demanded is justly due. We are of the opinion that the verification wholly fails to comply with the statute, which is mandatory in its terms, and the court has no discretion but must order nonsuit. The Legislature has prescribed the terms upon which a demand against a deceased person may be asserted, and nothing remains to the court but to obey the legislative mandate. The judgment is therefore reversed, and the cause remanded with directions to nonsuit plaintiff.