**Henry A. SWAN and Peggy Ann Swan, Plaintiffs,**

**v.**

**ESTATE of Robert Roseman MONETTE, by Ollie Monette, Administratrix, Defendant.**

**Civ. A. No. 2047.**

United States District Court W. D. Arkansas, Fort Smith Division.

March 24, 1967.

Nabors Shaw, Mena, Ark., Dobbs, Pryor & Dobbs, Fort Smith, Ark., for plaintiffs.

Daily & Woods, Ft. Smith, Ark., Thice, Titus, Glasgow & Johnson, Independence, Mo., for defendant.

## OPINION

JOHN E. MILLER, District Judge.

There is before the court a motion, filed January 25, 1967, by defendant, Ollie Monette, Administratrix of the Estate of Robert Roseman Monette, deceased, to dismiss plaintiffs' complaint or for summary judgment.

There are also objections filed March 3, 1967, by defendant to request for admissions filed March 1, 1967, which will be considered after the motion has been considered and determined.

The pleadings and exhibits thereto show there is no genuine issue as to any material fact.

The complaint was filed January 10, 1967, seeking a judgment against the defendant Administratrix for damages for personal injuries alleged to have been proximately caused by the negligence of Robert Roseman Monette, deceased, in the operation of his automobile on or about November 20, 1965. Plaintiffs alleged that the plaintiff Henry A. Swan was driving a 1965 model Chevrolet ½ ton truck on U. S. Highway 71 in the Western District of Arkansas. The plaintiff Peggy Ann Swan was a passenger in the vehicle of her husband, Henry A. Swan; that as plaintiffs approached an intersection of U. S. 71 with a small obscure county road, the defendant's intestate, Robert Roseman Monette, operating a 1960 model Studebaker Lark 4-door sedan, carelessly, negligently, and without warning suddenly entered U. S. Highway 71 from the west side, apparently intending to cross the highway. That a collision between the two vehicles occurred as a result of the negligence of defendant's intestate. It is further alleged that both plaintiffs sustained severe personal injuries; that the plaintiff Henry A. Swan has incurred medical expense because of said injuries to himself and wife, and that he has lost her services because of the injuries sustained by her. They pray for a judgment against the defendant Administratrix in the amount of $90,000, and for costs.

In the motion to dismiss or for summary judgment, the defendant Administratrix alleged that she was appointed Administratrix of the Estate of her deceased husband, Robert Roseman Monette, on November 29, 1965, and that on November 30, 1965, notice was given to creditors pursuant to the laws of the State of Arkansas of her appointment. A certified copy of the order appointing the defendant, Ollie Monette, as Administratrix is attached to the motion as Exhibit A. A copy of the notice given to creditors is attached as Exhibit B, and proof of the publication of the notice is attached as Exhibit C. Also attached to the motion is an affidavit dated January 18, 1967, of Helen Thomas, County and Probate Clerk of Polk County, Arkansas, certifying that the plaintiffs had not filed any claim against the Estate of Robert Roseman Monette, deceased.

The motion further alleged that the plaintiffs instituted their action more than six months after the first publication of notice to creditors, and that plaintiffs had failed to comply with the requirements of the probate laws of the State of Arkansas, particularly Ark.Stat. Ann. §§ 62–2601 and 62–2602 (1965 Supp.); that plaintiffs' failure to comply with the provisions of the statutes constitutes a bar to this action; and that the defendant is entitled to have said action dismissed or, in the alternative, be granted summary judgment in her favor.

The plaintiffs at the time of the commencement of the instant suit were citizens of the State of Missouri. The defendant, Ollie Monette, was and is a citizen of the State of Arkansas and a resident of Polk County, Arkansas, where the collision between the two vehicles occurred; and the amount involved exceeds the sum of $10,000, exclusive of interest and costs.

In summary, the material facts as reflected by the record are:

1. Plaintiffs were traveling in their Chevrolet ½-ton truck on U. S. Highway 71 in the Western District of Arkansas on or about November 20, 1965, when a

collision occurred between the vehicle in which plaintiffs were riding and the vehicle which was being driven and operated by Robert Roseman Monette, deceased.

2. That defendant, Ollie Monette, was appointed Administratrix of the Estate of Robert Roseman Monette on November 29, 1965.

3. Notice of her appointment as Administratrix was issued on November 30, 1965, and duly published. The notice, in accordance with the provisions of the statute, stated:

"All persons having claims against the estate must exhibit them, duly verified, to the undersigned within six months from the date of the first publication of this notice, or they shall be forever barred and precluded from any benefit in the estate."

4. The notice was duly published in the Mena Star on two consecutive Tuesdays, commencing with the issue dated November 30, 1965, and ending December 6, 1965. The Mena Star is a newspaper of general circulation published every day except Sunday at Mena, the county seat of Polk County, Arkansas.

5. The plaintiffs prior to the commencement of this suit, did not file a claim with the Administratrix of the Probate Court against the estate of Robert Roseman Monette, deceased.

6. The suit was commenced by plaintiffs one year, one month and ten days after the first publication of the notice of the defendant as Administratrix of the estate of Robert Roseman Monette. The six-month period in which to file a claim against the estate of the deceased expired on May 30, 1966.

The applicable Arkansas statutes are § 62–2601 and § 62–2602.

Sec. 62–2601 provides that all claims against a decedent's estate "whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred as against the estate, the personal representative, the heirs and devisees of the decedent, unless verified and presented to the personal representative or filed with the court within six months after the date of the first publication of notice to creditors."

Sec. 62–2602 provides that a suit shall be a claim duly filed against the estate "from the time such action is commenced; provided that, within the time required by Section 110 [§ 62–2601] for filing claims against the estate, the plaintiff in such action files with the Probate Court in which the estate is being administered a copy of the petition for revivor or of the complaint, or a statement signed by the plaintiff or his attorney setting forth a description of the nature of the action, the claim or demand therein involved, the parties to the action, and the court in which the action is pending."

In Turner v. Meek, (1955) 225 Ark. 744, 284 S.W.2d 848, the Supreme Court of Arkansas held the above statutory provisions applicable to a case or claim founded on negligence, and the failure to comply with the provisions of the statutes constituted a bar to any proceeding.

In Wolfe v. Herndon, (1962) 234 Ark. 543, 353 S.W.2d 540, the court, in considering the statutes above referred to, held that all claims against a decedent's estate whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred unless presented to the personal representative or filed in court within six months after the publication of the notice to creditors of the appointment of the executor or administrator. At page 545 of 234 Ark., at page 542 of 353 S.W.2d, the court, in speaking of the language of § 62–2601, said:

"This language unmistakably expresses the legislative intention to require the assertion of all claims, including those sounding in tort, within the six-month period."

The plaintiffs submitted a most excellent brief in opposition to the motion to dismiss or for summary judgment, and contend that the statutes of nonclaim

are not statutes of limitation, and that the statutes do not bar a claim against a liability insurance carrier of the deceased. In their brief the plaintiffs state:

> "Plaintiffs contend that the decedent was carrying a liability insurance policy to protect persons in the position of these plaintiffs, that the said policy was in full force and effect at the time of the injuries and damages sustained by these plaintiffs, that the giving of these plaintiffs the full redress contemplated by law and said insurance policy will in no way do violence to the nonclaim statutes of the State of Arkansas and will not in any way prejudice the insurance company, other than to remove from it a veil which it was never intended to be covered with anyway."

Plaintiffs concede:

> "that their claims can now never be effectively asserted against the assets of the estate of Robert Roseman Monette. Plaintiffs are not now making any such claim and never intend to make such claim. Any hope of recompense for these plaintiffs must come from the insurance policy and only from the insurance policy."

The plaintiffs further contend that the type of action instituted by them is authorized by Ark.Stat.Ann. § 27–901, which provides:

> "For wrongs done to the person or property of another, an action may be maintained against the wrongdoers, and such action may be brought by the person injured, or, after his death, by his executor or administrator against such wrongdoer, or, after his death, against his executor or administrator, in the same manner and with like effect in all respects as actions founded on contracts."

and that the statute of limitations is three years after the cause of action shall have accrued as provided in Ark.Stat. Ann. § 37–206.

In short, the plaintiffs contend, notwithstanding the fact that the only defendant against whom they are asserting a claim is the Administratrix of the deceased, that they did not file any claim within the time required by the nonclaim statute, and that they do not have a claim against the Administratrix of the decedent's estate, but they do have a claim against the liability insurer of the deceased and that any judgment that they obtain within the limits of the policy will be satisfied by the liability insurance carrier rather than the assets of the estate.

The plaintiffs have not sued and, under the facts, cannot maintain a suit against the liability insurance carrier of the deceased. In Universal Automobile Ins. Co. v. Denton, (1932) 185 Ark. 899, 50 S.W.2d 592, the court at page 909 of 185 Ark., at page 596 of 50 S.W.2d, said:

> " * * * the insurer may be sued only upon a judgment previously recovered against the insured, in which suit the insurer was neither a necessary nor a proper party."

Arkansas has no statute providing for a direct action, such as is claimed by plaintiffs in the instant case, against a liability insurance carrier. The only statute providing for a direct action against a liability insurance carrier is Ark.Stat.Ann. § 66–3240 (1966 Repl.), which provides:

> "When liability insurance is carried by any cooperative nonprofit corporation, association or organization or by any municipality, agency or subdivision of a municipality or of the State or by any improvement district, school district, or by any other organization or association of any kind or character, not subject to suit for tort, and any person, firm or corporation suffers injury or damage to person or property on account of the negligence or wrongful conduct of any such organization, association, municipality or subdivision, its servants, agents or employees acting within the scope of their employment or agency, then such person, firm or corporation so injured or damaged shall have a direct cause of action against the insurer with which such liability insurance is carried to the

extent of the amount or amounts provided for in the insurance policy as would ordinarily be paid under the terms of the policy, and such insurer shall be directly liable to such injured person, firm or corporation for such damages to the extent of such coverage in such liability insurance policy, and the plaintiff or plaintiffs may proceed directly against the insurer regardless of the fact that the actual tortfeasor may not be sued under the laws of the state."

Ark.Stat.Ann. § 66–4001, provides for subrogation of injured person to right of insured under certain conditions. Said statute is as follows:

"Any policy of insurance issued or delivered in this State indemnifying any person against any actual money loss sustained by such person for damages inflicted upon the property or person of another, shall contain a provision that such injured person, or his or her personal representative, shall be subrogated to the right of the insured named in such policy; and such injured person, or his or her personal representative, whether such provision is actually inserted in such policy or not, may maintain a direct cause of action against the insurer issuing such policy for the amount of the judgment rendered against such insured, not exceeding the amount of the policy, provided such judgment remains unsatisfied at the expiration of thirty (30) days from the serving of notice of entry of judgment upon the attorney for the insured or upon the insured or upon the insurer."

Before the above statute is applicable, the injured person must have recovered a judgment against the wrongdoer (in this case the defendant Administratrix of the decedent), and such judgment must have remained unsatisfied at the expiration of 30 days from the serving of the notice of entry of judgment upon the attorney for the insured or upon the insured or upon the insurer.

■ In effect, the plaintiffs ask this court to hold that they can proceed against the defendant, obtain a judgment, and then have the right to proceed against the decedent's liability insurance carrier for the collection of said judgment. However, under the facts in this case, neither the plaintiffs nor anyone else may proceed against the liability carrier of a deceased until they have complied with the nonclaim statutes, §§ 62–2601 and 62–2602.

■ The plaintiffs cite and rely upon the case of Darrah v. Foster, (Mo.1962) 355 S.W.2d 24. A reading of Darrah and the statutes which were considered therein convinces the court that that decision in nowise supports the contentions of the plaintiffs. The statutes relied upon by the plaintiffs in the instant case are statutes of limitations. Whatever may be the rule in Missouri under its amended statute, it is the Arkansas rule that applies and which must be followed by this court.

In Walker v. Byers, (1853) 14 Ark. 246, the court held that the statute of nonclaim is itself but a statute of limitations and is nothing else; that the general statute of limitations was designed to operate upon the rights of the living and was not designed to apply after death to claims against the estates of deceased persons; that, however long a claim may have to run under the general statute, it cannot be sustained even one day beyond the period named in the nonclaim statute.

In Planters' Mutual Ins. Asso. v. Nelson, (1906) 80 Ark. 103, at page 107, 96 S.W. 123, at page 124, the court in speaking through the Chief Justice said:

"It has been 53 years this month since Mr. Justice Scott worked out the above construction of the statute of nonclaim, and it has been followed times innumerable since, never questioned, never added to nor taken from."

In the course of more than a century since the construction of the nonclaim statute in Walker v. Byers, supra, there have been amendments from time to time, lengthening or shortening the period of the statute and some rephras-

ing of the statute. All of the statutes provided, as does the 1947 probate court code, that the claims shall be forever barred as against the estate, the personal representative, heirs and devisees, unless there is a compliance with the nonclaim statute. It is against this background that the plaintiffs are asking this court to hold that the present nonclaim statute is not a statute of limitations, but only some sort of a rule to be applied only by the probate courts where there was no liability insurance policy in existence, and that a plaintiff who has neglected to follow the correct procedure in presenting his claim should be permitted to obtain a judgment against an administrator regardless of the provisions of the nonclaim statute.

As heretofore stated, the plaintiffs are nonresidents of Arkansas but the cause of action arose in Arkansas. The court in Zuckerman v. McCulley, (8 Cir. 1948) 170 F.2d 1015, at page 1018 said:

"It is settled law that a non-resident, seeking in a federal court to establish a claim against the estate of a decedent is in no better or different position than a local creditor attempting to establish such a claim in the courts of the State. The federal court is required to give full effect to the applicable State law relative to the settlement of such estates."

The plaintiffs apparently concede the validity of the holding in Zuckerman v. McCulley, supra, but say that since that decision Missouri has amended its statute, and as a result of the amendment to the Missouri statutes, the court in Darrah v. Foster, supra, held that the repeal of the original Missouri act removed any impediment in the way of maintaining and prosecuting in the Circuit Court an action for personal injury or wrongful death timely instituted, with respect to which the statutory notice of suit had not been filed in the probate court; and that the repeal of the origi-

nal statute has the effect of restoring the right of proceeding under the general law as it existed prior to the original enactment. It may be conceded that the result reached in Darrah v. Foster, supra, is correct under the applicable Missouri statute, but it in nowise alters the law in Arkansas, and, notwithstanding the earnest argument made by plaintiffs that this court should hold that the Arkansas statute of nonclaim does not bar the maintenance of the instant suit, the court cannot agree.

The plaintiffs refer to the Arkansas Financial Responsibility Statute, §§ 75-1401 to 75-1493, of the Arkansas Statutes, and state that "the act requires motorists to maintain automobile liability insurance coverage on pain of having their privilege to operate a motor vehicle revoked if they fail to satisfy judgments against them up to the required insurance limits." Clearly, the plaintiffs have misconceived the purpose and intention of the act. It is not relevant to the issues now before the court, and the suggestion or contention is without merit.

As a response to the motion to dismiss or for summary judgment, the plaintiffs filed requests for admissions, to which the defendant filed objections. In view of the conclusion of the court on issues raised by the complaint and motion to dismiss or for summary judgment, the court is of the opinion that the requests for admissions are irrelevant and immaterial, and the objections thereto should be sustained.

The court is convinced that the contentions of the plaintiffs in opposition to the motion to dismiss are without merit, and that the motion should be sustained.

In accordance with the above, a judgment is being entered today sustaining the motion of defendant for summary judgment, sustaining the objections of defendant to the requests for admissions, and dismissing the complaint of the plaintiffs.