Ranney vs. Bostic.

15 215
36a 150

RANNEY vs. BOSTIC.

1. A scire facias, for the purpose of substituting a person as plaintiff or defendant in a suit, in the place of the original plaintiff as defendant, cannot be sued out after the expiration of the third day of the second term next, after the term in which the death or disability of the original party, has been stated upon the record.

2. There is no necessity, in such case, for a motion to abate, for, by statute, the scire facias cannot issue after the third day of the second term next after the term in which the death or disability of the original party, has been stated upon the record, and the necessary consequence is the abatement of the suit.

3. A scire facias, in such case, is not a new suit, it is but a continuation of the original suit.

## APPEAL from Washington Circuit Court.

SCOTT & YOUNG, for appellant, insist,

1st. That none of the provisions of art. 5 of the statute of 1845, regulating practice at law, apply to, or govern the proceedings instituted against the representatives of a deceased defendant after the 4th of July, 1849, where the original defendant died prior to that time. A proceeding against the representatives of a deceased defendant, is in the nature of a scire facias, and as such, a new action, to be governed by the law in force, regulating practice at the time of its commencement: Fenner vs. Evans, 1 Durn. and East 261; Burr vs. Atwood, 1 Salk. 87; Atwood vs. Burr, 2 Salk. 603; Milesap vs. Wildman, 5 Mo. Rep. 425.

2nd. But if the court should be of opinion, that this case is to be governed by the statute of 1845, and not by the provisions of the act of 1849, still, the plaintiff could not be required to proceed by scire facias, when there was no party in existence upon whom it could be served, or to whom it could be directed: 8 Cranch 92.

An administrator when appointed must give notice of his appointment before he can avail himself of the lapse of time: Wiggins vs. Administrator of Lawson, 9 Mo. Rep. 262.

3rd. This motion in this case was made for "Bostic's administrator," and signed "attorney." This was a mere nullity, there being no party of record to authorize the motion and if the subsequent sanction of the administrator before the motion was acted upon by the court, is to give it validity, it must also operate as a "voluntary appearance" within the meaning of the 16th sec. of art. 5, practice at law, R. S., Mo. 1845, and a general appearance for the purposes of this action, and cures all defects: Whiting vs. Budd, 5 Mo. Rep. 443; Griffin vs. Samuel, 6 Mo. Rep. 50; Evans vs. King, 7 Mo. Rep. 441.

4th. By this motion to abate, for an unknown administrator and under the sanction of an administrator subsequently appointed, he is absurdly made to appear to take advantage both of his non existence and non appearance: this he is estopped from doing. Neither could the attorney for the original defendant make this motion, for although the old practice of requiring a new warrant of attorney to authorize an appearance to a scire facias is, for the sake of convenience, discontinued, yet, for the purposes of justice, its consequences remain: 1 Salk. 87; 2 Salk. 603, ubi supra.

1.—Sec. 18 statute 1845 requires scire facias to issue of the death suggested, before the third day of the second term.

2.—Statute 1849 extends his deed and directs that suits may be revived against, &c., at any time during the third term, as by reference to statute 1845, chancery practice.

1.—It was the object of this statute to bar the past rights of persons when there was an absence of parties either plaintiff or defendant. Laws 1849, secs. 9–12, reviving suits, art. 3; Laws 1845, Practice in Chancery, art. 8, secs. 19–20; Laws 1845, Practice at Law, arts. 5–16–18.

FRISSELL, for respondent.

Relies upon the statute, and insists that the court did right in ordering the suit to abate: Statutes of Missouri, p. 824, sec. 18.

The statute gives no discretion. If no steps are taken to make the representative of a deceased defendant a party before the expiration of the third day of second term after the death has been suggested, the suit must abate.

This works no hardship upon the creditor, for if no other person takes out letters he can do it himself, long before the expiration of the time for the suit to abate. If there is no administration it is his own negligence: Statutes of Mo. p. 63, sec. 7.

RYLAND, J., delivered the opinion of the court.

Johnson Ranney commenced an action by attachment, against the defendant Bostic, returnable to the October term, 1848, in the circuit court of Washington county. The defendant was not served with the writ, he was not found, but certain lands were attached.

At the return term of the writ, the death of the plaintiff was suggested on the record, and the suit was afterwards revived in the name of his executor, William C. Ranney. After the suit was thus revived, the defendant entered his appearance by attorney and filed his plea (the statutory general issue,) and the cause was continued.

At the October term, 1849, the death of the defendant, Bostic, was suggested on the record and the cause was continued, and was regularly continued from term to term, until October term, 1850. At this last term the following motion was made:

"Ranney's administrator against Bostic's administrator. The defendant moves the court to order said suit to abate for the reason, that the third day of the second term has elapsed since the death of the defendant has been suggested, without a scire facias being issued to make a party, M. Frissell, attorney." This motion to abate, was continued until April term, 1851, when it was sustained and the suit ordered to abate. The plaintiff excepted to the action of the circuit court, and brings the case here by appeal.

From the bill of exceptions it appears, that there never was any administrator or executor of the defendant's estate. That in November, 1850, Israel McGready, as public administrator, by order of the county court, took charge of the estate of the defendant Bostic; but this was after the lapse of the third day of the second term of the court from the term in which the death of the defendant had been suggested on record. There never was any scire facias sued out to make a party defendant in this case. During the pending of the motion to have the suit abated, the plaintiff moved the court to allow and permit the public administrator to enter his appearance and defend the suit. It appearing that the public administrator was willing to do so without scire facias, if he was not entitled by law to have it abated. The court considering that it was the right of the public administrator to have the suit abated, overruled the plaintiff's motion, made pending the motion of M. Frissell, attorney, to abate the suit.

The only question for our consideration involves the correctness of the action of the court in sustaining the motion to abate the suit. There was an action pending from October term, 1849, at which the defend-

Ranney vs. Bostic.

ant's death was suggested, without any steps being taken to bring in his representative until October 1850, that being the second term after the death of the defendant had been suggested on record. At this term after the lapse of the third day, a motion to abate was made, and at the next term was sustained.

The statute directs and controls the manner in which suits may be revived: Practice at Law, art. V, sec. 18, p. 824, Digest 1845. This section declares, that "no scire facias for the purpose of substituting a person as plaintiff or defendant in any suit in the place of the original plaintiff or defendant, shall be sued out after the expiration of the third day of the second term next after the term in which the death or disability of the original party shall be stated upon record."

It was by virtue of this provision, that the court sustained the motion to abate this suit. In this case there was no necessity for the motion to abate, for by the statute above quoted, the scire facias could not issue after the lapse of the time mentioned, and the necessary consequences was, the abatement of this suit.

There is nothing in the point, that the motion of M. Frissell, attorney, was an appearance of the defendant's administrator. There was no administrator, no executor of the defendant at that time that could appear; nor was there any thing in the form of that motion that could operate so as to make it act as an appearance by a representative of the deceased defendant, when, in reality, there was no such representative in being at the time. We do not look upon the scire facias in this case as a new suit; its object, if one had been issued in time, could only have been to carry on the original action a mere continuation of the original suit.

The act of 1849, called "an act to reform the pleadings and practice in courts of justice in Missouri," has nothing to do with this suit, as we conceive: it commenced before that act took effect, and it must proceed under the law as it existed prior to the above act of 1849.

I therefore think the court committed no error in ordering this suit to abate, and such being the opinion of the other judges, the judgment below is affirmed.