THE STATE ex rel. WAYNE COUNTY et al. v. GEORGE E. HACKMAN, State Auditor.

In Banc, December 22, 1917.

1. **REPEALED STATUTE:** Continued Operation Thereunder. Sections 8060 and 8062, Revised Statutes 1909, were intended to continue in force repealed statutes until proceedings commenced thereunder may be completed. Sections 10520 to 10525, Revised Statutes 1909, under which bonds were issued by a county to build public roads, though repealed by the Act of 1917, without a saving clause, were so far kept in force by Sections 8060 and 8062 as to authorize the county court, under Section 1249, to refund the bonds by the issuance of new bonds of the denominations and bearing the rate of interest authorized by said act.

2. ———: ———: Continued in New Enactment. Where the purpose and operative force of an existing statute and the one repealing it are the same, differing only in minor particulars, the repealing act is to be construed as a continuation of the one repealed, and proceedings in compliance with the latter prior to its repeal and continued thereafter in conformity with the former are regular and in accordance with legislative direction.

3. **REFUNDING DEBT:** Within Twenty Years After Creation. A statute authorizing the refunding of an existing indebtedness by the issuance of new bonds is not invalid because it does not require the bonds to be paid within twenty years from the time the debt was originally created.

4. ———: Sale of Bonds to Original Purchaser. Under Section 1249, Revised Statutes 1909, a county has the right to refund its public road bonds whenever it can do so at a lower rate of interest, and the refunding bonds are not invalid because they were sold to the purchaser of the original bonds.

## Mandamus.

PEREMPTORY WRIT AWARDED.

*D. N. Holladay, V. V. Ing, S. G. Ray* and *Charles & Rutherford* for relators.

(1) Where there is an express repeal of an existing statute, and a re-enactment of it at the same time, or a repeal and a re-enactment of a portion of it, the re-enactment neutralizes the repeal so far as the old law is continued in force. It operates without interruption when the re-enactment takes effect at the same time. 1 Lewis's Sutherland on Stat. Const. (2 Ed.), sec. 238; 36 Cyc. 1083; Brown v. Marshall, 241 Mo. 728; State ex rel. v. Mason, 153 Mo. 58; State ex rel. v. County Court, 53 Mo. 129; Smith v. People, 47 N. Y. 335-342; Moore v. Kenockee Twp., 4 L. R. A. (Mich.) 555; Fullerton v. Spring, 3 Wis. 671; Laude v. Railroad, 33 Wis. 643; Scheftels v. Tabut, 46 Wis. 446; Middleton v. Railway, 26 N. J. Eq. 273; Glentz v. State, 38 Wis. 554; Junction City v. Webb, 44 Kan. 73-4; Swamp Land Dist. v. Glide, 112 Cal. 90; Rock Pav. Co. v. Lyons, 133 Cal. 116; Callahan v. Jennings, 16 Colo. 476; People v. Board of Eq., 20 Colo. 231; Hancock v. Dist. Twp., 78 Iowa, 554. (a) Inchoate statutory rights are not defeated. Capron v. Strout, 11 Nev. 304, 310; Skyrme v. Occidental Co., 8 Nev. 233; Moore v. Kenockee, 75 Mich. 333. (b) Statutory powers are not taken away. Middleton v. Railway, 26 N. J. Eq. 269. (d) Pending proceedings are not affected. Dennison v. Allen, 106 Mich. 296-300. (2) The effect of a repeal upon inchoate rights, and upon incomplete proceedings is avoided by a general statute for that purpose. R. S. 1909, secs. 8060, 8062; 1 Lewis's Sutherland on Stat. Const. (2 Ed.), sec. 287; United States v. Reisinger, 128 U. S. 401; Railroad v. United States, 208 U. S. 464; State ex rel. v. Drainage District, 192 Mo. 517; State v. Helms, 136 Ind. 131; Rogers v. Railroad, 35 Mo. 153; State ex rel. v. Vernon County, 53 Mo. 128; State v. Matthews, 14 Mo. 134; State v. Proctor, 90 Mo. 336; State v.

Walker, 221 Mo. 515; State v. Grant, 79 Mo. 117; State ex rel. v. Willis, 66 Mo. 133; Starr v. State, 149 Ind. 594; Meagher v. Drury, 89 Ia. 372; Commonwealth v. Duff, 87 Ky. 588. (3) Such a general provision has the same effect as a saving clause in the repealing statute. R. S. 1909, secs. 8060, 8062; Lewis's Sutherland on Stat. Const. (2 Ed.), sec. 287; Treat v. Strickland, 23 Me. 236; Hine v. Pomeroy, 39 Vt. 223; State v. Boyle, 10 Kan. 116; State v. Crawford, 11 Kan. 46; McCuen v. State, 19 Ark. 635; People v. Sloan, 2 Utah, 329; McCalment v. State, 77 Ind. 250; Barton v. Gadsden, 79 Ala. 496; Grace v. Donovan, 12 Minn. 580; Mongeon v. People, 55 N. Y. 615; State v. Hardman, 16 Ind. App. 359. (4) The filing in the office of the clerk of the county court of Wayne County, of a tax-paying citizens' petition asking for an election to vote bonds, adjudication of the sufficiency thereof by the county court, the ordering of an election and giving notice thereof, holding the election, and determining the result thereof, was an act done, a right accrued, a right established and a proceeding had and commenced previous to the time of taking effect of the act repealed under which the bonds are sought to be issued, and within the meaning and provisions of Sec. 8062, R. S. 1909. State ex rel. v. County Court, 53 Mo. 128; State ex rel. v. Topeka, 68 Kan. 179; Ex parte McGee, 33 Ore. 165. (5) Article 4, Chap. 15, R. S. 1909, is not in violation of Section 12 of Article 10 of the Constitution of Missouri, because it provides for the issue of bonds payable more than twenty years after the original debt was created. State to use v. Walker, 193 Mo. 693. (a) The court must presume that a statute is constitutional, and the burden is on him who asserts its unconstitutionality to show its invalidity, beyond a reasonable doubt. Shohoney v. Railroad Co., 231 Mo. 131; State v. Webber, 214 Mo. 272; State ex rel. v. Johnson, 234 Mo. 338; State ex rel. v. Williams, 232 Mo. 56; State v. Distilling Co., 136 Mo. 219; State ex rel. v. Burton, 266 Mo. 711; State ex rel. v. Walker, 193 Mo. 693. (b) Sec. 1249, R. S. 1909, under which the refunding bonds are issued, has been held constitutional by this court in the

only case in which its constitutionality has been attacked in the third of a century that the act has been on the statute books, and during all this time the constitutionality thereof has been recognized by the people and the lawyers of the State, and millions of dollars of refunding bonds have been issued thereunder. State ex rel. v. Walker, 193 Mo. 693.

*Frank W. McAllister*, Attorney-General, *Shrader P. Howell* and *John T. Gose*, Assistant Attorneys-General, for respondent.

(1) "A subsequent statute revising the whole subject matter of a former one and evidently intended as a substitute, although it contains no express words to that effect, must, on the principles of law, as well as in reason and common sense, operate to repeal the former." State v. Roller, 77 Mo. 120; Yawl v. Gillham, 187 Mo. 45; State v. Crane, 202 Mo. 80-81; State ex rel. v. Shields, 230 Mo. 102; City v. Sperry, 189 Mo. App. 483. An examination of the Laws of 1917 discloses that the law in question was repealed both by express words and by implication. Laws 1917, p. 442. Not only is the statute repealed by express words but the new act covers the entire subject-matter and shows upon its face that it was intended as a substitute for all existing law upon this subject. Laws 1917, pp. 444-477. (2) The repeal of a statute has the effect of blotting it out as completely as if it had never existed and of putting an end to all proceedings under it. Vance v. Rankin, 194 Ill. 627; 1 Lewis's Sutherland on Statutory Construction, p. 552; Sec. 478, p. 680, Endlich on Interpretation of Statutes. Only vested rights escape the effect of this rule. Any right not vested falls with the repeal of the statute on which it rests. Bishop on Written Laws, sec. 177-A; Bailey v. Mason, 4 Minn. 546; Butler v. Palmer, 1 Hill (N. Y.), 324; 1 Lewis's Sutherland on Statutory Construction, p. 546; Smith's Commentaries on Constitution Construction, p. 896. (3) To escape the effect of a repeal, the repealing act must contain a saving clause, or there must be a general statute direct-

ed to that end.   There is no saving clause in the Repealing Act of 1917.   Relator must depend upon Sections 8060 and 8062, R. S. 1909, to preserve the steps taken under the old law.   Said sections were not intended to preserve, and do not preserve proceedings of this character.   They relate to and preserve only matters connected with and growing out of judicial matters and have no reference to proceedings outside of steps taken in actions pending.   Gordon v. State, 4 Kan. 496; Moorewood v. Hollister, 6 N. Y. 319; Fisk v. Kenne, 35 Me. 349; Butler v. Palmer, 1 Hill (N. Y.), 324; County Commissioners, 30 Me. 222; Erwin v. United States, 37 Fed. 270; People v. White, 14 How. Prac. 501; Hopewell v. State, 22 Ind. App. 489; Strom v. Montana Cent. Ry. Co., 81 Minn. 346.   (4)   The policy of this State is that municipal indebtedness should not be created to extend beyond a period of twenty years. Sec. 12, art. 10, Mo. Constitution; Kane v. Charleston, 161 Ill. 179.   The law under which these bonds sought to be registered were refunded permits the refund bond to run for thirty years from the date of issuance, and is, in this, repugnant to the policy of the State expressed in Section 12 of Article 10 of the Constitution. Sec. 1249, R. S. 1909.   The provisions of Section 1249 which permits a refunding without the submission of the question to the people is repugnant to the Constitution, which provides that no political corporation or subdivision shall be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose.   Sec. 12, Art. 10, Mo. Constitution.   (5) The refunding bonds in this case were issued to evade the law.   Section 1249, if constitutional, still presupposes a bona-fide issuance of refunding bonds, and not a mere subterfuge or evasion to procure indirectly bonds which could not be issued directly.   The refunding bonds in this case were issued to comply with an agreement made between the county officials and the bond purchaser, prior to the purchase of the original bonds.   In

plain language, they were issued in the furtherance of a scheme to obtain a different kind of bond from that which could be issued under the law. "In disposing of it, it must be borne in mind that the law regards substance, rather than form—the spirit and essence of a thing, rather than the mere dry letter. One may not do by indirection what he cannot do directly; or, as said by Valliant, J., in a case just handed down, 'If it could not be done on a straight line, it could not be done in a circle.' " Cobe v. Lovan, 193 Mo. 250; State v. Kenton, 43 Mo. 53. Moreover, the county officials had no authority to make such a contract, and both the contract and the bonds issued pursuant thereto are void.

WALKER, J.—This is a proceeding in mandamus to require the respondent as State Auditor to register an issue of two-hundred thousand dollars refunding bonds of Wayne County.

These bonds were issued under the provisions of Section 1249, Revised Statutes 1909, authorizing the funding of bonded or judgment indebtedness. The original bonds had been issued by virtue of Sections 10520 to 10525, Revised Statutes 1909, which grant the power and define the method to be pursued by the people of a county and their administrative agent, the county court, in the issuance of bonds for the improvement of public roads. One-half of the aggregate amount of this original issue was in the denomination of one-hundred dollars each and bore interest at the rate of four and one-half per cent per annum, payable annually, and to mature within twenty years after their date, subject to prior payment at any time within twenty years upon the call of the county, as provided for in Section 10522, Revised Statutes 1909. These sections were repealed by an act approved April 9, 1917 (Laws 1917, p. 442), and statutes kindred in their nature and conferring similar powers were enacted in lieu thereof. [Secs. 83, 84 and 85, Laws 1917, p. 470.]

The preliminary steps necessary to authorize the issuance of the original bonds in conformity with the

statute then in force had been complied with prior to
its repeal, but the bonds were not issued until April
29, 1917. In June, 1917, they were presented to the
respondent for registration as required by Section 1275,
Revised Statutes 1909, and were by him registered.
Soon thereafter they were sold and paid for at their
par value.

At the time of the execution and before the delivery
of the original bonds to the purchaser, the county court
levied a tax upon the taxable property of the county in
an amount sufficient to pay the interest and a portion
of the principal each year upon said bonds, in con-
formity with the conditions of their issuance.

Afterwards on June 10, 1917, the county court
called for the payment of all of said bonds and in
order to provide funds necessary to pay off and retire
the same prepared and executed, under the provisions
of said Section 1249, refunding bonds in the aggregate
sum of two-hundred thousand dollars, each of the face
value of one-thousand dollars, dated May 1, 1917, and
bearing interest at the rate of four and one-fourth per
cent per annum, or one-fourth of one per cent less than
the interest required to be paid on the original bonds,
which interest was made payable semi-annually, the
bonds maturing in the year 1922 and serially thereafter
to the year 1937. These refunding bonds were pre-
sented to the respondent as Auditor of the State in
compliance with the requirements of the law in this be-
half and their registration was by him refused. Hence
this proceeding.

That the steps taken antecedent to the issue of the
original bonds were in conformity with the law then in
force is conceded. Respondent contends, however, that
the writ should not issue for the following reasons:
(1) that the statute under which the original bonds were
issued was expressly repealed before such bonds were
actually issued, registered and negotiated; (2) that
Section 1249 under which it is sought to refund these
bonds is unconstitutional; and (3), if not unconstitution-
al, the attempt at refunding is not within the intent
and purpose of the statute and as a consequence is un-
authorized.

I. As a general rule, a statute expressly repealed is thereby abrogated and all proceedings commenced thereunder which have not been consummated are rendered nugatory unless the repealing act is

Continuing Effect of Repealed Statute.

modified by a saving clause. Despite the fact that the courts with that conservative spirit which looks to permanence in the law, do not favor repeals (St. Louis v. Kellman, 235 Mo. 687), there is except for modifications which may be effected by a saving clause but one unqualified exception to the rule as above announced and that is where a vested right is involved. Present here, this character of right may serve to solve the matter at issue. That statutes authorizing the issuance of bonds for the construction and improvement of highways are remedial in their nature seems beyond question. Although they result in the creation of a burden, they confer a benefit. The standard of civilization of a people may well be marked by the condition of their roads. Well constructed they facilitate travel, thereby encouraging a more extended intercourse which is promotive of intelligence, and at the same time facilitate trade upon which all material prosperity is based. However, the public nature and salutary character of these statutes will not alone suffice to render the rights they may confer, if not consummated, vested. By a vested right we mean one which is absolute, complete and unconditional (Orthwein v. Insurance Co., 261 Mo. l. c. 665), to the exercise of which no obstacle exists and which is immediate and perfect in itself and not dependent upon a contingency. [Young v. Jones, 180 Ill. l. c. 221; Bailey v. Railroad, 4 Harr. (Del.) l. c. 400; Day v. Madden, 9 Colo. App. 464; Royston v. Miller, 76 Fed. l. c. 53.] The facts do not sustain the conclusion that such a right exists here. While a right existed which had been partly executed at the time of the repeal of the statute, it was at best inchoate or initiatory in its nature, its consummation being dependent upon the contingency of the issuance of the bonds and the registration of same. This being the nature of the right, it does not furnish authority for the exercise of the mandatory power of the court.

Limited to this reason alone the conclusion would be justified that it was the purpose of the Legislature in the enactment of the repealing law to obliterate or destroy the power of counties to issue bonds to provide funds for road purposes; and in the absence of a saving clause to have a like drastic effect upon this power when partly exercised under the statute repealed. No special saving clause was attached to the repealing act. Except by way of emphasis to give explicit application to general laws, such special saving clause was unnecessary. A repealing statute which construed alone would paralyze partly executed powers is, under our legislative system, so modified by Sections 8060 and 8062, Revised Statutes 1909, as to perpetuate such powers to the extent of authorizing the completion or consummation of the purpose sought to be effected under a former law. Section 8060 so far as applicable to the case at bar is as follows: "nor shall any law repealing any former law, clause or provision be construed to abate, annul, or in any wise affect any proceedings had or commenced under or by virtue of the law so repealed; but the same shall be as effectual and be proceeded on to final judgment and termination, as if the repealing law had not passed, unless it be otherwise expressly provided." This court in Rogers v. Railroad Co., 35 Mo. 153, discussing a question as to the modifying effect of said section upon a repealing statute, said, in effect, that this provision (Section 8060) preserves the relator's right of action notwithstanding the repeal of the statute under which the right was given. The Legislature, however, not satisfied with leaving the validity of acts done to implication, where the facts in regard to a repeal were as in the case at bar, enacted Section 8062, which provides that: "The repeal of any statutory provision shall not affect any act done or right accrued or established in any proceedings, suit or prosecution, had or commenced in any civil case previous to the time when such repeal shall take effect; but every such act, right and proceeding shall remain as valid and effectual as if the provisions so repealed had remained in force." These sections, construed together, so modify a re-

pealing statute, as to not only render valid initiatory or preliminary acts in the exercise of a power conferred by a former statute, but authorize such subsequent acts as may be necessary to effect the purpose originally contemplated. This conclusion does not require us to travel over an untrodden field in this jurisdiction. In a mandamus proceeding against the county court of Vernon County in State ex rel. Stone v. County Court, 53 Mo. 128, the purpose of which was to compel the completion of action by a county court, which had been initiated under a statute then repealed, the Supreme Court construed and applied what are now Sections. 8060 and 8062, and held that a repealing statute, although express in its terms and having no special saving clause attached, did not, on account of the modifying effect of said general saving sections, render nugatory preliminary acts done or prohibit further action in the completion of same. The limitation of the operative effect of these sections to judicial transactions as contended for by respondent, is not in accord with their terms, nor with the evident purpose of their enactment. Their general nature authorizes the conclusion that they were intended to continue in force repealed laws until proceedings commenced thereunder, regardless of their nature, might be completed. This was the construction placed upon them in the cases cited, and we have been unable to reach a contrary conclusion.

The reasoning above employed and the conclusion deduced therefrom are based upon the assumption that the repealing law left no operative statute authorizing county courts to issue bonds for road purposes and that the extension of this power in this case was due solely to the modifying effect of the general saving sections. For the reasons stated we deem the conclusion reached irrefutable; but the assumption is not in accord with the fact and is proper only to illustrate the continuing power of the former law in the absence of a like subsequent enactment. The facts are that simultaneously with the repeal of Sections 10520-10525 another statute (Secs. 83, 84, 85, Laws 1917, p. 470) was

enacted to effect the purpose of the repealed law. The purpose to be effected and the powers conferred by these statutes were similar in all of their material features. Each was intended to authorize, upon a compliance with their conditions, the issuance of bonds by county courts for road purposes. They differ only in minor particulars. The latter differs from the former in requiring two hundred petitioners to initiate action by the county court instead of one hundred; in limiting the bond issue to ten per cent of the assessed valuation of the property of the county; in the form of ballot which is slightly changed; in the statement of the rate of interest which is omitted from the order for the election; and in authorizing the court to prescribe the terms of the bonds, instead of requiring one-half of them to be in denominations of one hundred dollars each and the payment of one-twentieth of the issue each year, the same is limited to multiples of one hundred dollars and the time of payment is left to the determination of the court, the term not to exceed twenty years. Although there was an express repeal of the former statute the immediate reenactment of same, except as to the changes noted, left, so far as the practical application of the law is concerned, the same power in the county court. Under these conditions, although the latter law does in terms repeal the former, the effect is not to be ascribed to it of annulling all proceedings commenced when the former law was in force. The operative force of both laws being essentially the same, the latter may properly be construed to be a continuance of the former; and, it is only necessary to render the steps taken regular that subsequent proceedings are required to conform to the latter. [State ex rel. v. Vernon County, supra.]

II. It is contended that Section 1249, Revised Statutes 1909, which authorizes the issuance of refunding bonds, is in contravention of that provision of the State Constitution (Sec. 12, art, 10) requiring the payment of county indebtedness within twenty years from the time of contracting same; and that the effect of such

Refunding Within Twenty Years.

refunding is to extend the time of payment of the bonds thus issued to a period of more than twenty years from the date of the original issue. This court has held to the contrary in a well considered case of State ex rel. Proctor v. Walker, 193 Mo. 693. .Without burdening this opinion with quotations therefrom, it will be sufficient to say that it marks the distinction between the original creation of a county debt and its subsequent refunding, and limits the constitutional inhibition as to time to the former. A different construction would practically prevent any other adjustment of such a debt than unconditional payment at its maturity. Drastic as are the limitations of the organic law, due to conditions existing at the time of its adoption, it would, as was clearly held in the Walker case, be too narrow and crabbed a construction to apply its provisions to the refunding of such an indebtedness as was here created. Well satisfied with the ruling in the Walker case we are not inclined to a different conclusion than is therein reached.

III. The respondent attacks the validity of the refunding bonds for the alleged reason that the county court made an agreement with the purchaser of the original bonds that he should have the right to purchase the refunding issue. This position of the respondent, however, is wholly unwarranted by either the statutory law or by reason based upon the facts.

Sale of Refunding Bonds.

The statute in this regard is broad and sweeping, and indicates generally the legislative intent that outstanding bonds may be refunded at any time after their issue. The language of Section 1249 is as follows:

". . . Nothing in Sections 1249 to 1251, inclusive, shall be so construed as prohibiting any county . . . that now has or may hereafter have a bonded or judgment debt . . . from funding or refunding such debt without the submission of the question to a popular vote, whenever such funding or refunding can be done at a lower rate of interest than the debts so funded or refunded bore . . ."

Given concrete application, this language warrants the construction that Wayne County had the right to refund its road bonds whenever it could be done at a lower rate of interest, as was done in this case.

If the refunding bonds had been sold at a lower rate of interest, to any investor other than the purchaser of the original bonds, the question raised by the respondent could not have appeared in this record. Under such circumstances, it would have been the duty of the county court to accept the offer of such subsequent investor in order to secure for the county a lower rate of interest.

If the purchaser of the original bonds be denied the privilege of purchasing the refunding bonds, he is penalized for purchasing the original bonds as being the only one not entitled to purchase the refunding bonds, which would be contrary to public policy.

If the purchaser of the original bonds be denied the privilege of purchasing the refunding bonds, then the statute (Section 1249) must necessarily be construed as not applicable to county road bonds. This would result in a construction of the statute not authorized by its language or intent.

If county road bonds may not be refunded under Section 1249, in accordance with its unqualified conditions, then such bonds are stripped of one of the most important and valuable characteristics of all municipal bonds.

The foregoing alternative reasoning which in the main is that of relators, presents plausible grounds in support of the action of the county court in refunding these bonds. Under the provisions of Section 1249, however, the court is authorized at any time to take such action whenever it will effect a reduction in the rate of interest. This was accomplished by the action of the court in this case, which, in our opinion, was not only within the spirit and purpose of Section 1249, but was in conformity with its letter. There is, therefore, no merit in this contention. From all of the foregoing we are of the opinion that the peremptory writ of mandamus should issue herein, and it is so ordered.

All concur, *Bond, J.,* in paragraph 2 and result, except *Faris, J.,* who dissents.