**Violet H. DARRAH, Appellant,**

v.

**Raymond W. FOSTER, Administrator of the Estate of Raymona Joyce Foster, Deceased, Respondent.**

**Mary Lucille SACCO, Cross-Claimant-Appellant,**

v.

**Raymond W. FOSTER, Administrator of the Estate of Raymona Joyce Foster, Deceased, Respondent.**

No. 48626.

Supreme Court of Missouri,

Division No. 2.

March 12, 1962.

Gayles R. Pine, Betty Pine Lockard, Pine, Welling, Jones & Lockard, Warrensburg, for plaintiff-appellant Violet H. Darrah.

Fred F. Wesner, Robert L. Wesner, Wesner & Wesner, Sedalia, for cross-claimant-appellant Mary Lucille Sacco.

William J. Cason, Clinton, for defendant-respondent.

STORCKMAN, Judge.

In this case two causes of action arising out of the same automobile accident are involved. One is an action for wrongful death and the other for personal injuries. They were instituted in the Circuit Court of Johnson County against the administrator of a decedent. On motion of the defendant administrator, the actions were dismissed with prejudice for failure of the claimants to file in the probate court a written notice of the institution of the action within nine months after the first published notice of letters of administration. The appellants contend they were relieved of the obligation to file a notice by reason of the repeal of § 473.360, RSMo 1957 Cum.Supp., V.A.M.S., and the enactment of another section bearing the same number, RSMo 1959, V.A.M.S. The new section became effective during the nine-month period for filing notice and provides that unless a written notice is filed within the nine-month period no recovery may be had out of any assets being administered in the probate court or from any distributee or other person receiving such assets. For convenience the named plaintiff, Violet H. Darrah, and the defendant cross-claimant, Mary Lucille Sacco, will sometimes be referred to as the plaintiffs since each is seeking a remedy for an injury to her rights.

On December 2, 1958, in Johnson County, Missouri, an automobile operated by the defendant cross-claimant, Mary Lucille Sacco, and one driven by Mrs. Raymona Joyce Foster collided, causing the death of

Mrs. Foster and Elston Edgar Darrah, a passenger in the Sacco automobile. On December 9, 1958, Violet H. Darrah, the widow of Mr. Darrah, sued Mary Lucille Sacco in the Circuit Court of Johnson County for the wrongful death of her husband. Thereafter, on January 8, 1959, the Probate Court of Johnson County issued letters to Raymond W. Foster as administrator of the estate of Raymona Joyce Foster, deceased, and the first publication of notice of the letters was made on January 16, 1959. On February 9, 1959, the plaintiff filed an amended petition in which she joined the administrator of the estate of Raymona Joyce Foster, deceased, as a party defendant.

On February 28, the defendant Sacco filed a cross-claim for personal injuries against her co-defendant Foster, the administrator. Thereafter, the defendant Foster filed separate motions to dismiss the plaintiff's petition and the cross-claim on the ground they did not state claims upon which relief could be granted; he also filed separate motions to make these pleadings more definite and certain. The defendant's motions were overruled on March 23, 1959, and in due course the administrator answered. The litigation remained in this situation until October 26, 1959, when the defendant Foster by leave filed motions to dismiss the plaintiff's petition and the defendant Sacco's cross-claim for failure of the respective claimants to file in the Probate Court of Johnson County a copy of the summons and return of service thereon or any claim or notice of claim within nine months after the first publication of notice of letters of administration. After hearings, the defendant's motions were sustained on December 12, 1960, and the two actions were dismissed with prejudice.

The parties agree that the nine-month period following the grant of letters expired on October 17, 1959, and that the new section, 473.360, became effective on August 29, 1959. It was shown by the evidence adduced at the hearings on the motions to dismiss that Mrs. Foster's operation of her husband's automobile on December 2, 1958, was covered by a policy of liability insurance issued by M.F.A. Mutual Insurance Company for bodily injuries and property damage with limits of $25,000 for one person and $50,000 for a single accident and that the attorney defending the actions on behalf of the administrator was employed by the insurance company. The records of the probate court demonstrated that letters of administration were issued on the petition of the plaintiff Violet H. Darrah in which she alleged that she was an interested person in that she had a cause of action for the wrongful death of her husband which survived the death of Mrs. Foster and was sufficient to authorize and require the appointment of an administrator. The evidence further showed that no assets had been inventoried in Mrs. Foster's estate. During the course of the hearings, the plaintiff dismissed without prejudice her cause of action against the defendant Sacco.

■ Originally, the plaintiff sued for $25,000 and the cross-claimant Sacco sued for $50,000. During the hearings on the motion to dismiss, the plaintiff by amendment reduced the prayer of her petition to $15,000 and the cross-claimant did likewise, so that the aggregate of the amount sought as damages was $30,000 at the time the actions were dismissed with prejudice. In these circumstances the amount in dispute, exclusive of costs, exceeds the sum of $15,000 and jurisdiction of the appeal is in the supreme court. Section 477.040, RSMo 1959, V.A.M.S.; Art. V, § 3, Constitution of Missouri, V.A.M.S.; Kitchen v. City of Clinton, 320 Mo. 569, 8 S.W.2d 602 [1]; City of St. Louis v. Essex Investment Co., 356 Mo. 1028, 204 S.W.2d 726, 728 [3].

The 1955 probate code was subjected to numerous corrective amendments in 1957. Laws 1955, p. 385; Laws 1957, p. 829.

We are concerned mainly with §§ 473.360, 473.363, 473.367, 473.370, and 473.377 of the code as they existed before and after August 29, 1959, when the act in question became effective. Sections 473.370 and 473.377 confirm the jurisdiction of circuit courts in the establishment of probate claims and have not been changed since their enactment in 1955. Section 473.363 and 473.367 deal with actions pending against a person at the time of his death and actions instituted thereafter; they provide that such an action shall be "considered a claim duly filed against" the estate from the time written notice of the action, pending or instituted, is filed in the probate court. The changes made in these two sections in 1959 relate to the procedure for substitution and the type of notice to be filed in the probate court.

The statute with which we are primarily concerned is § 473.360. The 1959 enactment made no change in subdivisions 1, 3 and 4 of this section, and the latter two subdivisions need not be noticed further since they have no bearing on our present problem. Subdivision 1 of § 473.360, insofar as here material, provides:

"Except as provided in sections 473.-367 and 473.370, all claims against the estate of a deceased person, * * * which are not filed in the probate court within nine months after the first published notice of letters testamentary or of administration, are forever barred against the estate, the executor or administrator, the heirs, devisees and legatees of the decedent. * * *"

Subdivision 2 of § 473.360 is the decisive provision. Prior to the 1959 enactment it read (RSMo 1957 Cum.Supp.) :

"All actions against the estate of a deceased person, pending or filed under sections 473.363 or 473.367, shall abate or shall be barred unless notice of the revival or institution thereof is filed in the probate court within nine months

after the first published notice of letters."

This subdivision being a part of § 473.-360 was repealed (Laws 1959, S.B. 305) and the new subdivision 2 of § 473.360, which became effective on August 29, 1959, reads as follows (RSMo 1959) :

"Unless written notice of actions instituted or revived under section 473.-363 or 473.367 is filed in the probate court within nine months after the first published notice of letters, no recovery may be had in any such action on any judgment therein against the executor or administrator out of any assets being administered upon in the probate court or from any distributee or other person receiving such assets."

The prevailing ground of defendant's motion to dismiss was that the plaintiffs had failed to file in the probate court any notice of the institution of the actions. Plaintiffs' contention is that the new statutory provision was applicable to their actions and under it they were permitted to prosecute their actions to judgment without filing a notice in probate court, although if they recovered they were barred from satisfying their judgments out of assets in the probate estate.

North v. Hawkinson, Mo., 324 S.W.2d 733, Clarke v. Organ, Mo., 329 S.W.2d 670, and Smith v. Maynard, Mo., 339 S.W.2d 737, dealt with these nonclaim sections as they existed prior to the 1959 enactment. In North v. Hawkinson the court held that the nine-month nonclaim statutes barred the maintenance of an action in equity for an accounting filed in the circuit court more than nine months after the first publication of notice of letters testamentary. Clarke v. Organ was a wrongful death action, and Smith v. Maynard a personal injury suit. In each case, suit was instituted in the circuit court within the nine months following the first publication of letters testamentary, but the plaintiffs failed to file in the probate

court any notice of the institution of the suit. The supreme court held in each case that dismissal of the suit was proper in that the nonclaim statutes, which included subdivision 2 of § 473.360, as they then existed barred or abated all claims whether filed in the probate court or instituted in the circuit court unless the claim or the required notice of suit was timely filed in the probate court.

Rabin v. Krogsdale, Mo., 346 S.W.2d 58, considered and applied the new 1959 statute. The suit was pending in the circuit court at the time of the defendant's death on January 6, 1959. The plaintiff substituted Mrs. Krogsdale's executor as a party defendant but did not file notice of revival or substitution in the probate court within nine months after the first publication of notice of letters. On defendant's motion, the trial court dismissed the suit because of this failure. In the Rabin case, as in the case at bar, the effective date of the 1959 enactment occurred before the nine-month period had elapsed. This court held that the legislature could regulate the time and manner of bringing and maintaining suits including an existing cause of action and concluded that plaintiff's action was governed by the new statutes. The judgment was reversed and the cause remanded.

The respondent contends Rabin v. Krogsdale is not controlling and that the nonclaim statutes in effect when the cause of action accrued, when letters of administration were granted and the notice thereof was published, control the disposition of the present case because nonclaim statutes are substantive and not procedural and are, therefore, presumed to operate prospectively only. It should be noted that the 1959 act did not extend or shorten the period for filing claims or actions or notices with respect thereto. The only substantial change is in the effect of the failure to file in probate court notice of an action instituted or revived against an executor or administrator in the circuit court.

■ The issue of whether the statute in question was remedial or substantive in character was directly involved in Rabin v. Krogsdale and the court held that the original act was not substantive so as to extinguish the right of action but affected the remedy only. 346 S.W.2d 58, 59 and 61. We adhere to that ruling. It is in accord with the general rule and the controlling decisions of this state. See Carwood Realty Co. v. Gangol, Mo., 232 S.W.2d 399, 401 [2]; Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852, 854 [4]; and 50 Am.Jur., Statutes, § 482, p. 505.

"As a general rule, where there is no direct constitutional prohibition, the legislative branch of government, whether Federal or state, may pass retrospective laws, such as, in their operation, may affect suits pending and give to a party a remedy which he did not previously possess, or modify an existing remedy, or remove an impediment in the way of legal proceedings. Such acts are of a remedial character and are the peculiar subjects of legislation." 11 Am. Jur., Constitutional Law, § 382, p. 1212. The repeal of the original act and the enactment of the present law was designed to remove an impediment in the way of maintaining in the circuit court an action against an administrator or executor of a deceased person. This did not change the right of action but is related to the remedy and procedure.

■ A statute dealing only with procedure or the remedy applies to all actions falling within its terms whether commenced before or after the enactment unless a contrary intention is expressed. Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852, 853–854 [3]; Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 118 S.W.2d 3, 8 [3]; Clark v. Kansas City, St. L. & C. R. Co., 219 Mo. 524, 118 S.W. 40, 43 [2, 3]; 82 C.J.S. Statutes § 422, p. 998. The cases cited by the defendant in this regard are not controlling or persuasive of a contrary result. It would serve no useful purpose to discuss them all in detail. Among those cited, the early cases of Ambs v. Caspari, 13 Mo.App. 586, Garesche v. Lewis, 15 Mo.App. 565, and

Ranney v. Bostic, 15 Mo. 215, deal with laws shortening the time for presentment of probate claims and the time within which a writ of scire facias could be sued out for the substitution of an administrator as a party defendant. The discussion of the pertinent law and the facts is meager (Ambs is a memorandum opinion), and if the holdings were as the defendant contends they would not be in harmony with the recent controlling cases referred to above.

■ The defendant also relies upon § 1.150, RSMo 1959, V.A.M.S., as authority for the proposition that a change in the law shall not affect pending matters unless it is otherwise expressly provided. This statute was intended to preserve substantive rights vested prior to the repeal of the statute under which the rights were acquired and does not apply to remedies or procedures which, as we have held here, are not vested. State ex rel. Wayne County v. Hackmann, 272 Mo. 600, 199 S.W. 990, 991 [4]. The defendant also refers to § 1 of the probate code, L.1955, p. 390, (preceding § 472.010, RSMo, V.A.M.S.) which specified the effective date of the code and further provided that it shall apply to all further procedure in pending proceedings unless in particular proceedings its application would, in the opinion of the court, not be feasible or would work injustice. This obviously refers to the effective date of January 1, 1956, but, if intended to apply to amendments of the code as well, the effect of the provision would be contrary to defendant's contention rather than in support of it.

Our conclusion is that the 1959 act relates to the remedy and is procedural in nature; it was intended to apply to pending actions and does apply to the actions in this case. But the defendant further contends that even if the statute is procedural the procedure in effect at the time the action was instituted controls throughout and that Rabin v. Krogsdale is distinguishable and contains dictum that is in conflict with prior decisions and should not be followed.

■ Circuit courts being courts of general jurisdiction have jurisdiction of tort cases including actions for wrongful death and for personal injury. Art. V, § 14, Constitution of Missouri 1945; § 478.070, RSMo 1959, V.A.M.S.; Primeau v. Primeau, 317 Mo. 828, 297 S.W. 382, 386 [7]. The probate code does not impair the general jurisdiction of the circuit court in actions against executors or administrators. Sections 473.-363–473.377; Clarke v. Organ, Mo., 329 S.W.2d 670, 673; North v. Hawkinson, Mo., 324 S.W.2d 733, 742 [2].

■ Causes of action for wrongful death and for personal injury which survive the death of the alleged tortfeasor are sufficient to require the appointment of an administrator even though the deceased left no property and the sole purpose of the administration is to prosecute actions for death and for personal injury. State ex rel. McCubbin v. Ginn, Mo., 347 S.W.2d 119; §§ 473.010(3) and 537.020, RSMo 1959, V.A.M.S.

■ In this background we examine the purpose of the 1959 enactment. In construing the statute we must proceed on the theory that the general assembly intended something by the repeal of the old and the enactment of the new one in lieu of it. State v. Chadeayne, Mo., 323 S.W.2d 680, 684 [2]; St. Charles Bldg. & Loan Ass'n v. Webb, Mo., 229 S.W.2d 577, 581 [5]. When the legislature acted, courts had held that tort actions against an administrator or executor filed or pending in the circuit courts were barred or abated, and were subject to dismissal on motion, unless notice thereof was filed in the probate court within nine months after the first published notice of letters. See Clarke v. Organ and Smith v. Maynard. At such time there was also in effect The Motor Vehicle Safety Responsibility Law, Ch. 303, RSMo 1949, V.A.M.S., and there was a widespread practice among motor vehicle operators of satisfying the requirements of the Responsibility Law by carrying liability insurance. Sections 379.-195 and 379.200 were in force which pro-

vided in effect that an insurance contract of this kind was liability and not indemnity insurance and that a judgment creditor had direct recourse to the insurance proceeds. Under these statutes the courts have held that the obligation on the part of the insurer to pay accrues the moment judgment against the insured has been rendered. Homan v. Employers Reinsurance Corp., 345 Mo. 650, 136 S.W.2d 289, 295, 127 A.L.R. 163; Dyche v. Bostian, 361 Mo. 122, 233 S.W.2d 721, 724. The obligation of the insurance company to pay the judgment creditor is direct and primary. Stedem v. Jewish Memorial Hospital Ass'n of Kansas City, 239 Mo.App. 38, 187 S.W.2d 469, 470–471. Under this legislative scheme a judgment creditor in a personal injury or wrongful death action, where the liability is insured, may have his judgment satisfied without disturbing the assets, if any, of the judgment debtor in his lifetime or of his estate after his death.

█ The existence of liability insurance is of no concern to the courts so far as the merits of the action are concerned, but, on the procedural side, the requirements of The Motor Vehicle Safety Responsibility Law, the widespread use of liability insurance to satisfy these requirements, and the entire legislative plan for the protection of the public must be considered to the extent that it sheds light on the legislative purpose in requiring an executor or administrator to be appointed and in permitting an action against him to be prosecuted to judgment in the circuit court when there are no assets in the decedent's estate or no prospect of reaching them if there are assets.

█ In amending § 473.360, the general assembly must be presumed to have been familiar with the construction placed upon the original act and the new statute must be construed in the light of the defect it seeks to remedy and of the usages, circumstances, and conditions existing at the time the change was made. St. Louis Southwestern Ry. Co. v. Loeb, Mo., 318 S.W.2d 246, 252 [1]; Haynes v. Unemployment Compensation Commission, 353 Mo. 540, 183 S.W.2d 77, 82 [9]; Howlett v. Social Security Commission, 347 Mo. 784, 149 S.W.2d 806, 811 [11].

█ In this background of the law and the facts, we conclude that the repeal of the original act removed an impediment in the way of maintaining and prosecuting in the circuit court an action for personal injury or wrongful death, timely instituted but with respect to which the statutory notice of suit had not been filed in the probate court. This repeal had the effect of restoring the right to proceed under the general law as it existed prior to the original enactment. State v. Chadeayne, Mo., 323 S.W.2d 680, 684 [1]. Under the 1959 act the effect of failing to file the statutory notice in probate court is limited; it is not made an indispensable prerequisite to the maintenance of such an action and becomes important only if the judgment creditor undertakes to file his judgment in probate, have it classified as a claim and paid out of assets in the probate court or out of assets that have been distributed. Sections 473.360 and 473.373. Thus the estate is protected and its administration is not impeded. If a notice of the action is not timely filed in the probate court, a judgment obtained is in the same category as any other claim not presented in probate court in the time provided by law. Sections 473.360, subd. 1, 473.370 and 473.373. The act tends to harmonize and give effect to the purposes both of the probate code and of the general statutes enacted to enable the plaintiff in a personal injury or wrongful death action to prosecute his suit against an administrator or executor and if a judgment is obtained to have it satisfied by a direct recourse to liability insurance or sources other than the assets of a decedent's estate. This procedure does not impose upon the insurance carrier any obligation not within the purview of its contract, and yet it permits the injured party to obtain the benefits intended for him by the Responsibility Law, the insurance laws and other related statutes.

Rabin v. Krogsdale did not go beyond the issues involved and was correctly decided. Within the time permitted for filing the notice in probate court, the need for doing so was extinguished by the 1959 act. The trial court, therefore, erred in sustaining the motions to dismiss and in dismissing the actions.

The judgment is reversed and the cause remanded.

All of the Judges concur.