Dear Dr. Ahr:
This opinion is in answer to your predecessor's inquiry on the following issues:
 1. May a tax levy proposal submitted to a county vote for the purpose of establishing or maintaining a community mental health facility or service specify the exact amount of the proposed levy, the specified amount being less than or equal to thirty cents per one hundred dollars assessed valuation — as, for example, `a tax of twenty-five cents per each one hundred dollars assessed valuation' — or must it state only `a tax not to exceed thirty cents per each one hundred dollars assessed valuation?'
 2. May a tax levy proposal for establishing or maintaining a community mental health facility or service be submitted to a county vote during a primary, rather than a general election?
 3. Is the clerk of the governing body or other official authorized to give notice of elections required to publish a notice of the above-described tax levy proposal prior to the election in which it is submitted?
Your inquiry arises from the following facts: prior to the 79th General Assembly, the law with regard to the above issues was contained in §§ 205.977 and 205.978, RSMo 1969. These sections provided as follows:
 205.977. 1. Whenever eight percent of the qualified voters of the county sign a petition and file it with the county court not less than forty-five days before the general election requesting an election be held on the question of establishing a community mental health service, it is the duty of the county court to submit the proposition to the voters of the county at the next general election, or the governing body of the county may adopt a resolution to submit the question to a vote of the people at the next general election.
 2. The total vote cast for governor in the county at the last general election in which a governor was elected shall determine the number of qualified voters required for the petition.
 205.978. 1. The clerk of the county court shall give notice of the election by causing a copy of the order of the court for the election and its purposes to be published three times in one or more newspapers of the county, the last publication to be not more than one week prior to the date of the election.
 2. The ballot to be used for voting on the proposition shall be substantially in the following form:
OFFICIAL BALLOT
(Check the one for which you wish to vote.)
 Shall . . . . . . . (name of county or counties) establish (and) (or) maintain a community mental health service, and which the county court shall levy tax not to exceed 30 cents per each one hundred dollars assessed valuation therefor?
Yes
No
 3. The election shall be conducted and the vote canvassed in the same manner as other county elections.
Under the statutes quoted above, the issues raised in your inquiry would be resolved as follows: (1) tax levy proposals for establishing or maintaining community mental health centers must state only "a tax not to exceed thirty cents per each one hundred dollars assessed valuation," without further specifying the amount; (2) such tax levy proposals may be submitted only at a general election; and (3) the clerk of the county court must give public notice of the tax levy proposal by publication of the county court order for the submission of this question to a vote in a local newspaper.
On May 15, 1978, the 79th General Assembly passed and sent to the Governor for his signature two pieces of legislation affecting the above issues. House Bill 971, signed by the Governor on June 8, 1978, was a comprehensive and exhaustive revision of all election laws in the State of Missouri, repealing 486 statutes and reenacting in their place 423 new provisions. H. B. 971 repealed §§ 205.977 and 205.978, above and enacted two new sections with the identical numbering. The new provisions provided as follows with regard to the questions at issue: (1) the requirement of the old statute that the tax levy proposal state only "a tax not to exceed thirty cents per each one hundred dollars assessed valuation" was not changed; (2) the specification that the proposal be submitted only at a general election was maintained; (3) all mention of any public notice requirement on the part of county officials was omitted.[1]
The second law passed by the General Assembly on May 15, 1978, Senate Bill 652, was limited in scope and directed specifically toward amending the law with regard to community mental health services; this bill repealed 13 sections of the previously existing law (including §§ 205.977 and 205.978) and enacted 16 new provisions. S.B. 652 held as follows on the above issues: (1) the requirement that the tax proposal state "a tax not to exceed thirty cents per each one hundred dollars assessed valuation" was eliminated and replaced with the phrase "a tax of (insert exact amount to be voted upon) cents per each one hundred dollars assessed valuation"; (2) the specification of the old law that the tax levy proposal was to be submitted at the next general election was changed to include the next primary or general election; and (3) the requirement of notice by publication was altered in several specifics from the formerly-effective law.
No previous Missouri case has ever dealt with this precise situation. That being the case, this conflict must be resolved by reference to well-recognized rules of statutory construction. The ultimate aim in the exercise of such rules is to ascertain and give effect to the intent of the legislature. Missouri Pacific R.R. Co. v. Kuehle, 482 S.W.2d 505,509 (Mo. 1972); Edwards v. St. Louis County, 429 S.W.2d 718,722 (Mo. banc 1968). The rule of construction dispositive of the above questions, as most recently stated in Kilbanev. Director of the Department of Revenue, 544 S.W.2d 9 (Mo. banc 1976), is as follows:
 `In construing statutes to ascertain legislative intent it is presumed the legislature is aware of the interpretation of existing statutes placed upon them by the state appellate courts, and that in amending a statute or in enacting a new one on the same subject, it is ordinarily the intent of the legislature to effect some change in the existing law.' Id. at 11, quoting Gross v. Merchants-Produce Bank, 390 S.W.2d 591, 597 (K.C.Ct.App. 1965).
See also State ex rel Thompson-Stearns-Roger v. Schaffner,489 S.W.2d 207, 209 (Mo. 1973); Darrah v. Foster, 355 S.W.2d 24,30 (Mo. 1961); § 1.120, RSMo 1969. As this rule indicates, the act of a legislature in amending a statute (or reenacting it with certain specified changes) is one of particular significance in the determining of legislative intent; by changing the wording and effect of the statute, the drafting legislators have of necessity made an affirmative decision with regard to the substance of the act. By contrast, the reenactment of a particular provision without significant change in its wording is an ambiguous act, signifying in many cases that the drafters gave no thought to changing that statute or provision. This is particularly so when the enactment is as large and comprehensive as was H.B. 971.
Given the present direct conflict in statutes, it is the view of this office that the clearer indication of legislative intent must rule. Therefore, where one of the conflicting provisions makes an affirmative change in the previously existing law while the other merely reenacts or restates the prior law, the statutory change will be given effect. Similarly, where one of the conflicting statutes makes a substantive change from the requirement of the old law and the other statute omits any mention of that requirement, the former provision will prevail. These holdings are consistent with and pursuant to two recent opinions of this office presenting analogous issues, Op. Atty. Gen. No. 180, Kirkpatrick, Dec. 29, 1978 (Mo.); and Op. Atty. Gen. No. 194, Ratcliff, Dec. 29, 1978 (Mo.) (attached).
Applying that standard to the case at hand, the following conclusions are reached: Tax levy proposals submitted to a county vote for the purpose of establishing or maintaining a community mental health service shall specify the exact amount of the proposed levy (§ 205.979, S.B. 652); tax levy proposals may be submitted to a county vote during either a primary or general election (§ 205.978, S.B. 652); notice by publication shall be given by the clerk of the governing body in the manner provided for in § 205.979, S.B. 652.
CONCLUSION
It is the opinion of this office with respect to community mental health services that:
 1. Tax levy proposals submitted to a county vote for the purpose of establishing or maintaining a community mental health service shall specify the exact amount of the proposed levy.
 2. Tax levy proposals may be submitted to a county vote during either a primary or general election.
 3. Notice by publication shall given by the clerk of the governing body in the manner provided for in § 205.979, S.B. 652 79th General Assembly.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John M. Morris.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enc: 180/1978 194/1978
[1] It should be noted, however, that additional statutory requirements of notice applicable to elections of this type are found in § 115.127, S.B. 275, 80th General Assembly and §§ 115.129 and 115.131, RSMo.