**In re the ESTATE OF Marion F. HAYDEN, Deceased.**

**Ruth HAYDEN, Respondent,**

v.

**Deborah K. NORTHCUTT, Appellant.**

**No. WD 45755.**

Missouri Court of Appeals,
Western District.

Sept. 15, 1992.

Paul Trees Graham, Columbia, for appellant.

Rex V. Gump, Moberly, for respondent.

Before KENNEDY, P.J., and SPINDEN and SMART, JJ.

KENNEDY, Presiding Judge.

This is an appeal by Deborah K. Northcutt from an order of the Probate Division of the Boone County Circuit Court denying an application by Deborah K. Northcutt for the appointment of a personal representative for Marion F. Hayden, deceased.

Deborah K. Northcutt is the widow of James Kevin Northcutt, who was killed in an automobile accident in Boone County on June 20, 1991. Deborah K. Northcutt asserts a cause of action against Marion F. Hayden for the wrongful death of James Kevin Northcutt.

Marion F. Hayden died on August 26, 1991. On September 26, 1991, Deborah K. Northcutt filed her petition for the appointment of a personal representative for his estate. The petition was denied after an evidentiary hearing.

Ruth Ann Hayden, widow of Marion F. Hayden, deceased, says that Marion F. Hayden had no property or assets subject to administration at the time of his death. He did have liability insurance covering any liability for the death of James Kevin Northcutt, growing out of the June 20, 1991, automobile accident.

The policy of insurance has not been filed here, and we do not know what the policy limits are.

The case is ruled by the following sentence of Section 537.020.2, RSMo 1986: "The existence of the right of action for death ... shall be sufficient to authorize and to require the appointment of a personal representative for the person liable for such death ... by the court having probate jurisdiction upon his death upon the written application of any person interested in such right of action for death...." This statutory provision requires the appointment of a personal representative for Marion F. Hayden upon the application of Deborah K. Northcutt. *Darrah v. Foster*, 355 S.W.2d 24, 30 (Mo.1962).

The above quoted language of Section 537.020 is virtually rescripted in Section 537.021.1, RSMo 1986.

Ruth Ann Hayden argues that Section 537.021.1(2)[1] controls the case. She says the meaning of this subparagraph is that, if there is liability insurance coverage protecting the deceased alleged tortfeasor, then plaintiff must proceed against a defendant ad litem, in accordance with Section 537.021.1(2). The statute does not require plaintiff to proceed against a defendant ad litem; it allows him to do so at his election. In doing so, plaintiff foregoes any attempt to collect his judgment, when and if he gets one, from the estate of the deceased tortfeasor. The statute says the insurance company is bound by the judgment against a defendant ad litem, but it does not say the estate of the deceased tortfeasor is bound by such a judgment.

The following sentence of Section 537.-021.1(2) applies to this case: "Should the plaintiff in such cause of action desire to satisfy any portion of a judgment rendered thereon out of the assets of the estate of such deceased wrongdoer, such action shall be maintained against a personal representative appointed by the probate division of the circuit court and the plaintiff shall comply with the provisions of the probate code with respect to claims against decedents' estates."

Plaintiff in this case evidently wants to satisfy some part of her judgment, if she gets one, out of Marion F. Hayden's estate. In order to do so, she must make her claim against a personal representative of the Marion F. Hayden estate. While Ruth Ann Hayden claims Marion F. Hayden had no assets subject to administration at the time of his death, plaintiff does not accept that claim. Plaintiff apparently believes the liability insurance coverage is inadequate, and that she can reach a tract of real estate conveyed by Marion F. Hayden before his death. In order to do so, she must comply with the probate code provisions for claims against decedents' estates. She cannot prosecute her wrongful death suit against a defendant ad litem, then collect her judgment from the decedent's estate.

In sum, it is the plaintiff's election whether to proceed against a personal representative of the deceased tortfeasor, or against a defendant ad litem. Plaintiff in this case has elected to proceed against a personal representative.

Judgment reversed, and cause remanded with directions to the probate court to sustain Deborah K. Northcutt's application for the appointment of a personal representative for the estate of Marion F. Hayden, deceased.

All concur.

---

1. The defendant is referring to that part of Section 537.021.1(2) which reads, "... [I]f a deceased wrongdoer was insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer, then the court in which any such cause of action is brought shall appoint at the request of the plaintiff or other interested party a qualified person to be known as a defendant ad litem. The defendant ad litem when so appointed shall serve and act as the named party defendant in such actions in the capacity of legal representative of the deceased wrongdoer and such appointment and any proceedings had or judgment rendered in such cause after such appointment shall be binding on the insurer of such deceased wrongdoer to the same extent as if a personal representative had acted as the legal representative of such deceased wrongdoer in such cause of action."